IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Magna International Inc.          *     Case No._____
337 M`agna Drive
Aurora, Ontario L467K1            *
Canada,
                  Plaintiff,      *     **COMPLAINT FOR TRADEMARK
                                        INFRINGEMENT AND UNFAIR
vs.                               *     COMPETITION**

Deco Plas, Inc.                   *
700 Randolph
Montpelier, OH 43543,             *

                                  *
          Defendants.

* * * * * * * * * * * *

Plaintiff, Magna International Inc., for its Complaint herein against

Defendants, Deco Plas, Inc., states as follows:

**THE PARTIES**

1.     Plaintiff is a Canadian corporation organized and existing under the

laws of the Province of Ontario, having its principal place of business at 337

Magna Drive, Aurora Ontario L4G7K1 Canada

2.     Defendant, Deco Plas, Inc., on information and belief, is a corporation organized and existing under the laws of the State of Ohio, having an address at 700 Randolph, Montpelier, Ohio 43543.

## JURISDICTION AND VENUE

4.     Plaintiff brings this suit for trademark infringement, which arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. 1114 and 15 U.S.C. 1116-18 inclusive.

5.     This Court has jurisdiction under the provisions of 15 U.S.C. 1121 and 28 U.S.C. 1338(a).

6.     Venue is proper in this district under the provisions of 28 U.S.C. 1391(b) and 1391(c).

## FACTS COMMON TO ALL CLAIMS

## AND

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT

7.     Plaintiff is the owner by assignment of the trademark, and federal registration for, U.S. Trademark Registration No.3,200,133, for DECOPLAS, a true and accurate copy of which is attached to this Complaint, as Exhibit "A".

8. Plaintiff, through its wholly owned subsidiary, Decoma International Corporation, sells automotive parts under its valuable trademark throughout the United States.

9. Plaintiff is one of the largest automotive suppliers in the country.

10. Plaintiff has continuously used the DECOPLAS trademark covered by U.S. Registration No. 3,200,133 since as early as 2004.

11. Plaintiff's trademark for DECOPLAS has become a symbol of the quality of the goods and services offered by Plaintiff and have become recognized by the public to designate the highest quality of automotive parts, which Plaintiff sells.

12. Plaintiff has, for many years, prominently displayed its DECOPLAS mark on its product which has as a whole, become the established symbol of the goodwill and reputation which Plaintiff has obtained.

13. Plaintiff's DECOPLAS trademark has acquired secondary meaning and designate Plaintiff as the source of goods sold under this trademark.

14. Plaintiff has, for many years, sold automotive parts under the DECOPLAS trademark.

15. On information and belief, Defendant operates a painting and molding operation in Montpelier, Ohio under the DECO PLAS name that sells parts to the automotive industry and related industries.

16.    The use by Defendant of the DECO PLAS trademark, in conjunction with the products it sells is likely to cause confusion or mistake, or deception of purchasers as to the source of origin of its goods and services.

17.    Customers are likely to purchase Defendant's products bearing the DECO PLAS trademark believing that such products are Plaintiff's product, thereby resulting in a loss of sales to Plaintiff.

18.    On information and belief, Defendant has adopted and uses the domain name decoplasinc.com to promote products sold by Defendant.

19.    The use by Defendant of the DECO PLAS trademark as part of its domain name is likely to cause confusion or mistake, or deception of purchasers as to the source of origin of its goods and services.

20.    Customers are likely to purchase Defendant's products after obtaining information from Defendant's website that uses the DECO PLAS trademark as part of its identifying domain name, thereby resulting in loss of sales to Plaintiff.

21.    Plaintiff has no control over the quality of the goods and services rendered by Defendant and because of the confusion as to the source engendered by the Defendant, Plaintiff's valuable goodwill with respect to its DECOPLAS trademark is at the mercy of Defendant.

22.    The use by Defendant of Plaintiff's trademark has caused confusion, mistake and deception of purchasers as to the source of origin of its goods.

23.    The use by Defendant of Plaintiff's DECOPLAS trademark has resulted in the dilution of the exclusive rights, which the Plaintiff formally enjoyed in connection with the registered marks.

24.    The infringement by Defendant has been willful and deliberate, designed specifically to trade upon the goodwill associated with Plaintiff's trademark.

25.    The goodwill of the Plaintiff's business under its registered trademark is of enormous value, and the Plaintiff will suffer irrevocable harm should the infringement be allowed to continue to the detriment of its trade reputation and goodwill.

26.    Defendant's infringements will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(A)**

**OF THE LANHAM ACT**

27.    This is an action for false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  This Court has jurisdiction under 15 U.S.C. 1121, 15 U.S.C. 1125(a) and 28 U.S.C. 1338(a). This Court also has jurisdiction of this action under 28 U.S.C. 1332, and there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.  Venue is proper in this district under 28 U.S.C. 1391.

28.     Plaintiff realleges and incorporates herein the allegations of paragraph 1-24, inclusive.

29.     Defendant's use of the DECO PLAS trademark constitutes a false designation of origin, which is likely to deceive and has deceived customers and prospective customers into believing that the Defendants' products are those of Plaintiff and as a consequence, are likely to divert and have diverted customers away from Plaintiff.

30.     Plaintiff has no control over the nature and quality of the products and services sold by Defendant.

31.     Any failure, neglect or default by Defendant in providing such products will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality and resulting in the loss of sales thereof and the considerable expenditures to promote its products under its marks, all to the irreparable harm of Plaintiff.

32.     Defendant's false designation of origin will continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A.     That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with them from infringement of Plaintiff's U.S. Registration No. 3,200,133 for DECOPLAS and from injuring Plaintiff's business reputation, from unfairly competing with Plaintiff;

B.     That Defendant be required to account to Plaintiff for Defendant's profits, the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement, false designation of origin and unfair competition, together with interest and costs;

C.     That Defendant be ordered to surrender for destruction all signage, nameplates, labels, advertisements and other materials constituting infringement of Plaintiff's of U.S. Trademark Registration No.3,200,133;

D.     That Defendant be ordered to abandon or transfer to Plaintiff its decoplasinc.com domain name.

E.     That Defendant be compelled to pay Plaintiff's attorney's fees, together with all costs of this suit; and

F.     For such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 20th day of February, 2008.

                                                Emch, Schaffer Schaub & Porcello

                                                s/Charles R. Schaub/
                                                Charles R. Schaub (OSCT#0001827)
                                                Emch, Schaffer, Schaub & Porcello Co.,
                                                One SeaGate, Suite 1980
                                                P.O. Box 916
                                                Toledo, Ohio  43697-0916
                                                Phone:  (419) 243-1294
                                                Fax:  (419) 243-8502

## CERTIFICATE OF SERVICE

Toledo, Ohio
February 20, 2008

      This is to certify that a copy of the foregoing COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION was filed electronically this 20th day of February, 2008, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to Defendant, Deco Plas, Inc., by First Class Mail located at 700 Randolph, Montpelier, Ohio 43543.

                                                s/Charles R. Schaub/
                                              Charles R. Schaub

                                                February 20, 2008
                                                Date